IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELBERT D. SMITH, II,<br>         PLAINTIFF, | §<br>§<br>§ | |
| V. | § | CASE NO. 3:19-CV-2892-K-BK |
| | § | |
| CITY OF DALLAS, TEXAS,<br>         DEFENDANT. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On December 9, 2019, Plaintiff filed this action and paid the $400.00 filing fee. Having paid the filing fee, Plaintiff is responsible for obtaining summonses and effectuating service of process on Defendant as required by Rule 4 of the Federal Rules of Civil Procedure. If a plaintiff does not serve a defendant within 90 days after the complaint is filed, the court must – after notice to the plaintiff – dismiss the action without prejudice against that defendant or order that service be made within a specified time. FED. R. CIV. P. 4(m).

In this case, when no summons had issued and Plaintiff had not filed proof of service by March 9, 2020, the Court ordered Plaintiff to complete service of process on Defendant or show good cause for his failure to do so by April 24, 2020; warning that if he failed to do so, this case would be dismissed without prejudice under Rule 4(m). Doc. 5 at 1. In response, Plaintiff filed two certified mail receipts. Doc. 6. Upon review, it appears that Plaintiff attempted to serve Defendant himself via the certified mail, which is prohibited under Rule 4. See FED. R. CIV. P. 4(c)(2) ("Any person who is at least 18 years old *and not a party* may serve a summons and complaint.") (emphasis added); *Constien v. United States*, 628 F.3d 1207, 1213-15 (10th Cir. 2010) (collecting cases which hold that when service of process is made by mail, only a nonparty

can place the summons and complaint in the mail); *United States v. Cabelka*, No. 7:16-CV-00126-O-BP, 2017 WL 6883893, at *5 (N.D. Tex. Dec. 21, 2017) (Ray, J.) (same), *adopted by* 2018 WL 341739 (N.D. Tex. Jan. 9, 2018) (O'Connor, J.).

Thus, as of the date of this recommendation, Plaintiff has not complied with the Court's order to effectuate service. Accordingly, this action should be **DISMISSED WITHOUT PREJUDICE**.

**SO RECOMMENDED** on June 10, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's findings, conclusions and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).