IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELBERT D. SMITH, II, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| | § | |
| v. | § | 3:19-cv-02892-K-BK |
| | § | |
| CITY OF DALLAS, TEXAS, | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT CITY OF DALLAS'S MOTION TO DISMISS
### PLAINTIFF'S COMPLAINT AND BRIEF IN SUPPORT

TO THE HONORABLE COURT:

Defendant, City of Dallas (the "City") respectfully moves to dismiss Plaintiff Elbert D. Smith, II's ("Smith") claims against the City in their entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Northern District of Texas Local Civil Rules 7.1 and 7.2.

## I.
## INTRODUCTION

Smith brings claims against the City for discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"). Smith alleges that he was retaliated against for participating in protected acts of freedom of speech. Smith's claims should be dismissed because they are not facially plausible.

## II.
## RELEVANT PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Smith filed his Complaint in this employment action on December 9, 2019, against the City, which was served on the City on July 2, 2020. (Dkt. No. 10.) Smith asserts discrimination and retaliation claims arising from his employment with the City.

Smith alleges that he is currently employed by the City. (Compl. (Dkt. No. 3) ¶ 1.)

Smith alleges that he is initiating this proceeding *pro se*, pursuant to Title VII, based on retaliation for participating in protected acts of freedom of speech. (*Id.* ¶ 2.)

Smith alleges that he has suffered physical and emotional pain and suffering, damage to dignity, loss of wages, and loss of seniority benefits. (*Id.* ¶ 4.)

Smith alleges that he received his "Right to Sue" on approximately September 11, 2019. (*Id.* ¶ 8.)

On his civil cover sheet, Smith wrote, "discrimination and retaliation" for the description of his causes of action. (Dkt. No. 3.) The City moves the Court to dismiss Smith's claims.

## III.
## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a claim if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Washington v. U.S. Dep't of Hous. & Urban Dev.*, 953 F. Supp. 762, 768 (N.D. Tex. 1996). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims stated in the complaint, and such a motion must be evaluated solely on the basis of the pleadings. *Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *see Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a

valid claim for relief." *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (internal quotations omitted).

Under Rule 8, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

There are two primary considerations for a court's analysis of the propriety of a motion to dismiss under Rule 12(b)(6). First, the allegations contained in the complaint are to be construed in the plaintiff's favor and all *well-pleaded* facts are to be accepted as true. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Washington*, 953 F. Supp. at 768. However, conclusory statements in a complaint are not to be accorded a presumption of truth. *Kaiser Alum. & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982); *Washington*, 953 F. Supp. at 768. Therefore, conclusory allegations and legal conclusions masquerading as factual assertions are not adequate to prevent dismissal for failure to state a claim. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

Second, under *Twombly*, the factual allegations in a complaint must be specific enough to raise a right to relief above the speculative level on the assumption that all of the allegations are true. *Twombly*, 550 U.S. at 555 (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). That is, it is no longer sufficient that relief could be granted under some theoretical set of facts consistent with

a complaint's allegations, which was the familiar standard the Supreme Court established in *Conley*. Rather, plaintiffs must "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Therefore, to survive a motion to dismiss made pursuant to Rule 12, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

## IV.
## ARGUMENTS AND AUTHORITIES

### A. Smith's Title VII Discrimination Claim Must Be Dismissed Because The Claim Is Not Facially Plausible.

Smith asserts a claim under Title VII for discrimination. However, Smith fails to state a claim for discrimination under Title VII, because his claim is not facially plausible.

*McDonnell Douglas Corp. v. Green* sets forth the requirements to establish a prima facie case of discrimination under Title VII. 411 U.S. 792 (1973). A valid claim of discrimination requires that the plaintiff allege that he: "(1) is a member of a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class, or, in the case of disparate treatment, shows that other similarly situated employees were treated more favorably." *Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir. 2004).

Although the standard set forth in *McDonnell Douglas* for establishing a prima facie case in a Title VII claim is an evidentiary, rather than a pleading standard, *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002), a plaintiff must plead sufficient facts on all of the ultimate elements of the claim to make his case plausible. *Davis v. Texas Health and Human Services Commission*,

761 F. App'x 451, 454 (5th Cir. 2019). Courts in the Fifth Circuit routinely look to the *McDonnell Douglas* test for guidance when determining whether a Title VII discrimination claim should survive a motion to dismiss. *See, e.g.*, *Gillie v. The La. Dep't of State Civil Serv.*, 559 F. App'x 333, 335 (5th Cir. 2014) (dismissing Title VII discrimination claim for failing to allege that her position was filled by an individual outside her class or that she was treated less favorably); *Puente v. Ridge*, 324 F. App'x 423, 427-28 (5th Cir. 2009) ("[T]his court may consider the *McDonnell Douglas* framework, and no plaintiff is exempt from her obligation to 'allege facts sufficient to state all the elements of her claim.'") (quoting *Mitchell v. Crescent River Port Pilots Ass'n.*, 265 F. App'x 363, 370 (5th Cir. 2008).

Smith alleges the following employment-related facts in his Complaint:

- "The plaintiff is currently employed by the Defendant." (Compl. ¶ 1.);

- "The Plaintiff is initiating this proceeding Pro Se, pursuant to Title VII of the Civil Rights Act of 1964 as amended (42 U.S.C. 200e[sic]-5(b)." (*Id.* ¶ 2.);

- "The Plaintiff has suffered the following injuries: Physical and emotional pain and suffering, Damage to dignity, Loss of Wages, loss of seniority benefits etc." (*Id.* ¶ 4.).

Smith does not make any allegations regarding discrimination; however, he included "discrimination" in the description of his cause of action in the civil cover sheet filed with this action.

Smith fails to allege any of the required elements for a discrimination claim, including the protected category on which the alleged discrimination was based, whether he was qualified for his position, that he was subject to an adverse employment action, or that similarly situated individuals outside of his protected category were treated more favorably. Without pleading facts to support any of the required elements of a discrimination claim, Smith's claim must be dismissed.

Courts within the Fifth Circuit routinely dismiss claims containing conclusory allegations, including claims that allege far more information than the vague and sparce allegations made by Smith. For example, in *Davis*, the Fifth Circuit affirmed the lower court's dismissal with prejudice of a plaintiff's disparate treatment claim brought under Title VII, where the plaintiff had failed to plead sufficient facts on all of the ultimate elements of the claim to make her claim plausible. 761 F. App'x at 454. In *Davis*, the plaintiff alleged race and sex discrimination, based on the allegation that her supervisor had given a Hispanic man a transfer rather than plaintiff, an African American female. The Fifth Circuit concluded that the plaintiff's allegations were insufficient, because plaintiff failed to adequately allege that she applied for and was qualified for the position that ultimately went to the Hispanic male colleague. *Id.* at 454.

Similar decisions abound. *See, e.g.*, *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) ("Raj's complaint and speculation did not allege any facts, direct or circumstantial, that would suggest LSU's actions were based on Raj's race or national origin or that LSU treated similarly situated employees of other races or national origin more favorably."); *Sudduth v. Tex. Health & Human Servs. Comm'n*, 2014 WL 1513969, at *3 (W.D. Tex. Apr. 16, 2014) (granting motion to dismiss where plaintiff failed to allege any facts from which the Court could "plausibly infer her termination was based on her race"); *Smith v. Dall. Cty. Hosp. Dist.*, 2014 WL 645248, at * 6 (N.D. Tex. Feb. 19, 2014) (dismissing Title VII claim where plaintiff failed to allege any facts demonstrating that any of the defendant's actions were motivated by his race); *see also Chhim v. Univ. of Tex. at Austin*, A-15-CV-919 LY, 2016 WL 154142, at *4 (W.D. Tex. Jan. 11, 2016) (dismissing complaint that failed to allege facts supporting contention that plaintiff was not hired based on national origin). Accordingly, Smith's claim for discrimination should be dismissed.

**B. Smith's Retaliation Claim Must Be Dismissed Because The Claim Is Not Facially Plausible.**

Smith asserts a claim under Title VII for retaliation. However, Smith fails to state a claim for retaliation under Title VII, because his claim is not facially plausible.

To establish a prima facie retaliation claim, a plaintiff must show that: "(1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action." *Thomas v. Tregre*, 913 F.3d 458, 463 (5th Cir. 2019).

Smith makes the following allegations regarding retaliation in his Complaint:

- "The Plaintiff is initiating this proceeding Pro Se, pursuant to Title VII of the Civil Rights Act of 1964 as amended (42 U.S.C. 200e[sic]-5(b). Inclusive: Retaliation for participating in Protected acts of freedom of speech." (Compl. ¶ 2.).

In this case, Smith fails to plead facts supporting any of the required elements for a retaliation claim. Smith fails to identify the protected activity he engaged in, an adverse employment action taken against him, and a causal connection between the protected activity and the adverse action. "A vague complaint, without any reference to an unlawful employment practice under Title VII, does not constitute protected activity." *Davis*, 761 F. App'x at 455 (internal quotation marks omitted). Accordingly, Smith's Title VII retaliation claim should be dismissed.

Although Smith affirmatively states that he is pleading his retaliation claim under Title VII, in the event the Court construes Smith's allegations as a claim for First Amendment free speech retaliation under 42 U.S.C. § 1983, such claim should likewise be dismissed, as Smith fails to plead facts supporting any of the required elements. To establish a First Amendment, free speech retaliation claim under § 1983, a public employee must show that "(1) she suffered an adverse employment action; (2) her speech involved a matter of public concern; (3) her interest in

commenting on matters of public concern outweighed the defendant's interest in promoting workplace efficiency; and (4) her speech was a substantial or motivating factor in the defendant's adverse employment action." *Burnside v. Kaelin*, 773 F.3d 624, 626 (5th Cir. 2014). Smith does not plead any of these elements. Accordingly, whether the Court construes Smith's retaliation claim under Title VII or § 1983, it should be dismissed.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant City of Dallas respectfully requests the Court dismiss Plaintiff Elbert D. Smith, II's Complaint in its entirety with prejudice.

Respectfully submitted,

CITY ATTORNEY OF THE CITY OF DALLAS

Christopher J. Caso
Dallas City Attorney

By:    */s/ Sarah E. Mendola*
Sarah E. Mendola
Senior Assistant City Attorney
Texas State Bar No. 24057030
sarah.mendola@dallascityhall.com

Jennifer Carter Huggard
Executive Assistant City Attorney
Texas State Bar No. 00792998
jennifer.huggard@dallascityhall.com

City Attorney's Office
1500 Marilla Street, Room 7D North
Dallas, Texas 75201
Telephone: (214) 670-0611
Facsimile: (214) 670-0622

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2020, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Sarah E. Mendola*
SARAH E. MENDOLA