IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELBERT D. SMITH, II, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| | § | |
| v. | § | 3:19-cv-02892-K-BK |
| | § | |
| CITY OF DALLAS, TEXAS, | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT CITY OF DALLAS'S ANSWER AND AFFIRMATIVE DEFENSES

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, City of Dallas (the "City"), and files its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint (Dkt. No. 14) ("Amended Complaint"), filed on August 6, 2020, and would respectfully show the Court as follows:

### THE CITY'S ANSWER

#### I.   PARTIES

1. The City admits the allegations set forth in paragraph 1.

2. The City admits the allegations set forth in paragraph 2.

#### II.  JURISDICTION

3. To the extent that Plaintiff has met the jurisdictional requirements, the City admits that this Court has jurisdiction under Title VII, 42 U.S.C. § 2000e-5(f)(3), and that this Court has federal question jurisdiction pursuant to 28 U.C.S. § 1331. The City denies the remaining allegations set forth in paragraph 3.

4. The City admits the allegations set forth in paragraph 4.

5. The City admits the allegations set forth in paragraph 5.

6. The City denies the allegations set forth in paragraph 6.

7. The City lacks sufficient information or knowledge to admit or deny the allegations set forth in paragraph 7, and therefore denies same.

8. The City lacks sufficient information or knowledge to admit or deny the allegations set forth in paragraph 8, and therefore denies same.

9. The City denies that all prerequisites to this suit have been met.

### III. FACTS

10. The City admits that Plaintiff was an employee of the City of Dallas from September 8, 1995 to January 7, 2020.

11. The City admits that it was an employer within the meaning of Title VII with respect to Plaintiff from September 8, 1995 to January 7, 2020.

12. The City admits that Plaintiff is African American.

13. The City admits that Plaintiff, an African American male, was employed by The City from September 8, 1995 to January 7, 2020.

14. The City admits the allegations set forth in paragraph 14.

15. The City admits that Plaintiff spoke with Robert Zanca to obtain information and advice on the procedure to file a grievance. The City admits that Plaintiff filed a grievance on February 27, 2018. The City denies the remaining allegations set forth in paragraph 15.

16. The City admits that Plaintiff received a letter of counseling on February 28, 2018. The City denies the remaining allegations set forth in paragraph 16.

17. The City denies the allegations set forth in paragraph 17.

18. The City admits that Plaintiff filed a grievance against Lane Cheek, and that Plaintiff reported Cheek for vaping in the workplace. The City denies the remaining allegations set forth in paragraph 18.

19. The City admits the allegations set forth in paragraph 19.

20. The City denies the allegations set forth in paragraph 20.

21. The City admits that Plaintiff submitted a doctor's note on April 2, 2018 requesting time off from work until May 2, 2018, which was subsequently extended, pursuant to Plaintiff's request, to June 4, 2018. The City admits that Plaintiff requested that he be allowed to participate in a grievance hearing during the period of time that Plaintiff was on Family Medical Leave status, and that the City notified Plaintiff that his grievance hearing must be postponed until he returned to work and was no longer on Family Medical Leave status, in accordance with federal guidelines. The City denies the remaining allegations set forth in paragraph 21.

22. The City denies the allegations set forth in paragraph 22.

23. The City lacks sufficient information or knowledge to admit or deny the allegation that Plaintiff was informed that Cheek publicly stated in a meeting that Plaintiff was out of work due to stress, and therefore denies same. The City admits that Cheek told employees in a meeting not to contact Plaintiff during his time off. The City denies the remaining allegations set forth in paragraph 23.

24. The City lacks sufficient information or knowledge to admit or deny that Plaintiff is aware of a Caucasian employee that took leave from work but the City was not allowed to an did not reveal the reason for the Caucasian employee's sickness, and therefore denies same. The City denies the remaining allegations set forth in paragraph 24.

25. The City denies the allegations set forth in paragraph 25.

26. The City admits that Plaintiff filed a grievance on June 11, 2018. The City denies the remaining allegations set forth in paragraph 26.

27. The City admits the allegations set forth in paragraph 27.

28. The City admits that Plaintiff received a letter of counseling on July 3, 2018. The City denies the remaining allegations set forth in paragraph 28.

29. The City admits that on August 9, 2018, Plaintiff met with the Defendant's City Manager to report/discuss his allegations of hostile work environment, discrimination, and intimidation in the workplace. The City lacks sufficient information to admit or deny the remaining allegations set forth in paragraph 29, and therefore denies same.

30. The City admits that Plaintiff received a letter of reprimand on September 4, 2018. The City denies the remaining allegations set forth in paragraph 30.

31. The City admits that Plaintiff sent an email to the City Manager about receiving a reprimand, alleging that it was done in retaliation for filing grievances. The City admits that Plaintiff filed an appeal of the reprimand.

32. The City denies the allegations set forth in paragraph 32.

33. The City denies the allegations set forth in paragraph 33.

34. The City admits that Plaintiff submitted a grievance dated February 14, 2019, in which he claimed that Donavan and Cheek assigned him work in retaliation for filing past grievances. The City denies the remaining allegations set forth in paragraph 34.

35. The City admits that Carlos Lopez was reassigned to the manager position in Plaintiff's chain of command. The City denies the remaining allegations set forth in paragraph 35.

36. The City admits that Plaintiff was issued a notice of suspension on August 23, 2019. The City denies the remaining allegations set forth in paragraph 36.

37. The City denies the allegations set forth in paragraph 37.

38. The City denies the allegations set forth in paragraph 38.

39. The City admits that Plaintiff worked for the City of Dallas for approximately 24 years. The City denies the remaining allegations set forth in paragraph 39.

40. The City denies the allegations set forth in paragraph 40.

41. The City denies the allegations set forth in paragraph 41.

## IV.  CAUSES OF ACTION

42. The City incorporates its denials and answers set forth in the preceding paragraphs.

43. The City admits that it was an employer within the meaning of Title VII with respect to Plaintiff from September 8, 1995 to January 7, 2020.

44. The City admits that Plaintiff was an employee of the City of Dallas as defined by Title VII from September 8, 1995 to January 7, 2020.

45. The City denies the allegations set forth in paragraph 45.

46. The City denies the allegations set forth in paragraph 46.

47. The City denies the allegations set forth in paragraph 47.

48. The City denies the allegations set forth in paragraph 48.

49. The City denies the allegations set forth in paragraph 49.

50. The City denies the allegations set forth in paragraph 50.

51. The City denies the allegations set forth in paragraph 51.

## V.  DAMAGES

52. The City incorporates its denials and answers set forth in the preceding paragraphs.

53. The City denies the allegations set forth in paragraph 53.

## VI.  JURY DEMAND

54. The City admits that Smith demands a jury and joins Plaintiff in his request for a jury trial on all issues so triable.

## VII.  PRAYER FOR RELIEF

55. The City denies that it violated any law as to Plaintiff and further denies that Plaintiff is entitled to the relief as demanded in his prayer.

   A.  The City denies that Plaintiff is entitled to the relief requested in paragraph 55.A.

   B.  The City denies that Plaintiff is entitled to the relief requested in paragraph 55.B.

   C.  The City denies that Plaintiff is entitled to the relief requested in paragraph 55.C.

   D.  The City denies that Plaintiff is entitled to the relief requested in paragraph 55.D.

   E.  The City denies that Plaintiff is entitled to the relief requested in paragraph 55.E.

   F.  The City denies that Plaintiff is entitled to the relief requested in paragraph 55.F.

   G.  The City denies that Plaintiff is entitled to the relief requested in paragraph 55.G.

   H.  The City denies that Plaintiff is entitled to the relief requested in paragraph 55.H.

   I.  The City denies that Plaintiff is entitled to the relief requested in paragraph 55.I.

## THE CITY'S AFFIRMATIVE DEFENSES

The City affirmatively pleads the following affirmative defenses, and reserves the right to plead additional affirmative defenses which may become apparent during discovery in this case:

   1.   Plaintiff has failed to state a claim upon which relief may be granted.

   2.   To the extent that Plaintiff's cause of action falls outside the applicable statute of limitations, the City affirmatively pleads statute of limitations.

3. To the extent that Plaintiff has failed to exhaust administrative remedies, the City affirmatively pleads that Plaintiff has failed to meet the prerequisites and conditions precedent for filing this civil action.

4. The City affirmatively pleads that it is not liable to the extent Plaintiff has failed to mitigate his damages.

5. In the unlikely event of a liability finding against it, the City pleads alternatively that it is entitled to the applicable limits and exclusions of damages outlined in 42 U.S.C. § 1981a and hereby notifies Plaintiff of its intent to assert the statutory damage limitation and exclusions.

6. Even if Plaintiff were to prove herein that any act or action on the part of the City, complained of by Plaintiff in this suit, was the result of an impermissible motivating factor, then the City asserts that each and all of the acts and actions on the part of the City would have been the same even in the absence of any such impermissible motivating factor.

7. The City exercised reasonable care to prevent and promptly correct any harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the City or to otherwise avoid harm.

## DEFENDANT'S PRAYER

The City prays that, upon final hearing, the Court grant judgment against the Plaintiff, that Plaintiff take nothing, that the City recover its attorneys' fees and costs of the court, and that City have such other and further relief, at law or in equity, to which it may show itself justly entitled.

                         Respectfully submitted,

                         CHRISTOPHER J. CASO
                         Dallas City Attorney

By:   */s/ Sarah E. Mendola*
       Sarah E. Mendola
       Senior Assistant City Attorney
       Texas State Bar No. 24057030
       sarah.mendola@dallascityhall.com

       Jennifer Carter Huggard
       Executive Assistant City Attorney
       Texas State Bar No. 00792998
       jennifer.huggard@dallascityhall.com

       City Attorney's Office
       1500 Marilla Street, Room 7D North
       Dallas, Texas 75201
       Telephone: (214) 670-0611
       Facsimile: (214) 670-0622

       *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

     I hereby certify that on August 20, 2020, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).


       */s/Sarah E. Mendola*
       SARAH E. MENDOLA