**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ELBERT D. SMITH, II,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No.: 3:19-cv-2892-K-BK** |
| | § | |
| **CITY OF DALLAS,** | § | |
| | § | |
| **Defendant.** | § | |

<u>**UNOPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**</u>

Plaintiff Elbert D. Smith, II ("Smith" or "Plaintiff") files this Unopposed Motion for Leave to File Second Amended Complaint ("Motion for Leave" or "Motion")[1], and respectfully shows the Court as follows:

**I.**

<u>**INTRODUCTION**</u>

This is a case about discrimination, wrongful termination, and retaliation in violation of Title VII of the Civil Rights Act of 1964. Plaintiff worked for Defendant from September 9, 1995 until Defendant constructively discharged Plaintiff on January 6, 2020.

During the last two years of his employment with Defendant, Defendant subjected Plaintiff to a hostile work environment rife with racial discrimination and harassment. Plaintiff's complaints about the discrimination and harassment resulted in retaliatory conduct by Defendant that ultimately forced him to take multiple medical leaves of absence and retire several years before he had planned.

---

[1] Plaintiff has conferred with Defendant, and Defendant does not oppose the relief sought in this Motion.

## II.
## ARGUMENTS AND AUTHORITY

The court should grant Plaintiff leave to amend the complaint pursuant to Rule 15(a)'s liberal standard. Rule 15(a) provides that the Court shall freely grant leave to amend when justice so requires. FED. R. CIV. P. 15(a). Rule 15(a) is liberally construed in favor of amendment. *See, e.g., Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981) ("[T]he liberal position of the federal rules on granting amendments…evinces a bias in favor of granting leave to amend"). A district court must possess a substantial reason to deny a request for leave to amend. *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted).

In determining whether to grant leave, several factors may be considered, including, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Rule 15(a) provides a strong presumption in favor of granting leave to amend. *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006). Here, all factors weigh in favor of granting this Motion for Leave to allow Plaintiff to file his proposed Second Amended Complaint, attached hereto as Exhibit A.

### A.    Plaintiff does not seek the amendment to unduly delay the proceedings.

Plaintiff has not unduly delayed seeking this amendment. Delay becomes "undue" and thereby creates grounds for the district court to refuse leave, when it hinders the opposing party's ability to respond to the proposed amendment or to prepare for trial. *Dueling v. Devon Energy Corp.*, 623 Fed. Appx. 127, 130 (5th Cir. 2015); *see also Solomon v. N. Am. Life & Cas. Ins. Co.*,

151 F.3d 1132, 1139 (9th Cir. 1998) (affirming denial of leave to amend where the plaintiff filed the motion "on the eve of the discovery deadline").

Here, the delay was not undue and the amendment does not hinder Defendant's ability to respond to the amendment or to prepare for trial. This case has been on file for approximately nine months; however, Defendant was not formally served until July 6, 2020 and did not make an appearance until July 23, 2020. Plaintiff was *pro se* until he retained counsel on or around September 11, 2020. The parties submitted the Joint Proposed Scheduling Order on September 17, 2020, and discovery remains in its threshold stage, with approximately one year before the proposed discovery close deadline.[2]

Plaintiff now seeks leave to file his Second Amended Complaint to add clarity and detail to his claims against Defendant. Plaintiff has not unnecessarily or intentionally delayed filing his Motion for Leave. Upon being retained, Plaintiff's counsel discussed the likelihood of amending the complaint and now moves the Court for leave to file a Second Amended Complaint less than a month after being retained. Further, allowing this amendment would not hinder Defendant's ability to respond or prepare for trial. Trial has not yet been set, and the parties have ample time to conduct discovery and prepare for trial.  Accordingly, the Court should grant this Motion and reject any contention that Plaintiff unduly delayed filing his Motion for Leave.

> **B.**     **Plaintiff does not seek the amendment in bad faith or as a dilatory tactic.**

Plaintiff does not seek to amend his complaint in bad faith or as a dilatory tactic. *Christopher v. Mobil Oil Corp.*, 149 F.R.D. 539, 544 (E.D. Tex. 1993).  In that case, the Rule 15(a) motion was sought eight months after the filing of the first amended complaint and before any

---

[2] *See* Dkt. No. 22.

significant pretrial activity, such as discovery, had taken place (as is the case here). *Id*. After considering these circumstances, the court granted the plaintiff leave to file an amended complaint.

Likewise, the Court should find no bad faith or dilatory motive here, and the Motion for Leave should be granted.

C.     **The amendment will not prejudice Defendant.**

Granting this Motion for Leave will not prejudice Defendant. Courts give Rule 15 the widest possible interpretation to assure that the merits of a dispute will be heard despite defects in the form or timing of the pleadings. *Marshall v. MarOpCo, Inc.*, 223 F.Supp.3d 562, 566 (N.D. Tex. 2017) (noting that the "policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits") (internal quotations omitted).

Here, Plaintiff seeks only to add clarity and detail to his claims, not to assert additional claims or legal theories for recovery. Additionally, limited discovery has occurred in this case and the proposed amendment will not require extensive discovery beyond what was already contemplated. Further, the amendment is offered before the court has set the matter for trial. Therefore, Defendant cannot show sufficient prejudice and the Court should grant the Motion for Leave.

D.     **The amendment is not futile, and there have been no repeated failures to cure deficiencies in previous amendments.**

The final Rule 15 factors, futility and presence of repeated failure to cure deficiencies by amendments previously allowed, also counsel in favor of granting Plaintiff leave to amend. The Fifth Circuit has interpreted futility in the context of Rule 15 to mean that the amended complaint would fail to state a claim upon which relief can be granted. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). To determine futility, the Court must apply the same standard as applies under Federal Rule of Civil Procedure 12(b)(6). *See id*. A motion for leave to amend will

be denied as futile when the complaint could not be saved by an amendment. *See Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991).

Here, Plaintiff does not seek to amend his complaint to cure a deficiency in the pleading. Instead, Plaintiff's proposed Second Amended Complaint seeks to add clarity and detail to his claims. Therefore, the Court should grant Plaintiff's Motion for Leave.

## III.
## CONCLUSION

Consistent with the liberal standard set forth under Federal Rule of Civil Procedure 15, and for the reasons set out above, this Court should grant this Motion for Leave and allow Plaintiff to file his Second Amended Complaint to add clarity and detail to his claims pursuant to Federal Rule of Civil Procedure 15(a).

Respectfully submitted,

*/s/ Brittney L. Thompson*
JAMIE J. GILMORE
Texas Bar No. 24045262
jgilmore@galyen.com
BRITTNEY THOMPSON
Texas Bar No. 24104618
bthompson@galyen.com
BAILEY & GALYEN
1300 Summit Avenue, Suite 650
Fort Worth, Texas 76102
Telephone: 817-276-6000
Facsimile: 817-276-6010

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(a) & (b) the undersigned counsel for Plaintiff hereby certifies that she conferred with counsel for Defendant on the 1st and 5th day of October, 2020, and that Counsel for Defendant advised that they have no objection to Plaintiff's Unopposed Motion for Leave to File Second Amended Complaint Under Federal Rule of Civil Procedure 15(A).

*/s/ Brittney L. Thompson*
BRITTNEY L. THOMPSON

## CERTIFICATE OF SERVICE

I certify that on October 6, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent notice of such filing to all counsel of record.

*/s/ Brittney L. Thompson*
BRITTNEY L. THOMPSON